IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00114–REB–KMT

JOHN SAUNDERS,

    Plaintiff,

v.

J.M. WILNER, in his official capacity as Warden, at the Federal Correctional Institution - Florence, and,
DAVE GRUDERS, his official capacity as the Religious Coordinator at the Federal Correctional Institution - Florence,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Amendment/ or Substitution to Replace Defendants' [sic]" (Doc. No. 77, filed April 8, 2010), which this court construed as a motion to substitute defendants. Defendants filed their response on April 12, 2010 (Doc. No. 10).

    Plaintiff filed his Complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his religion rights under the First Amendment and pursuant to the Religious Freedom Restoration Act ("RFRA") were violated by the United States Bureau of Prisons ("BOP") staff. (Doc. No. 3.) Plaintiff's Complaint asserted claims against Defendants J.M. Wilner, FCI Warden (hereinafter "Wilner") and Defendant Dave

Grooters[1], FCI Religious Coordinator (hereinafter "Grooters"), in their individual and official capacities.

Defendants filed motions to dismiss. (*See* Docs. 17 and 35.) The motions were granted in part, and Plaintiff's claims against Defendants Wilner and Grooters in their individual capacities and Plaintiff's claims for compensatory damages against defendants Wilner and Grootersin their official capacities were dismissed. (*See* Doc. No. 49.) The only claims remaining are Plaintiff's claims for injunctive relief under the First Amendment and the RFRA against Defendants Wilner and Grooters in their official capacities. (*See* Doc. No. 37, 49.)

On February 24, 2010, Plaintiff filed a "Motion for an Order Compelling Discovery." (Doc. No. 50.) Defendants filed their response on March 9, 2010, asserting they have complied with their discovery obligations to the extent that it is possible under the current circumstances. (Doc. No. 58 at 3.) Defendants argue that, to the extent Defendant Grooters is unable to respond, there is no prejudice to Plaintiff because: (1) no individual capacity claims remain against Defendants Wilner and Grooters; (2) both Defendants have been afforded qualified immunity; (3) the only claim that remains is an injunctive relief claim which should properly be brought against those BOP officials who have the power to implement the relief Plaintiff requests; (4) Defendant Wilner is now retired and is unable to effectuate the relief requested; (5) Defendant Grooters is on medical leave and also cannot, at the present time, effectuate the relief Plaintiff

---

[1]Defendant has named this defendant as "Dave Gruders" in his Complaint; however, the correct spelling for this defendant is "Grooters." This court will refer to this defendant as "Defendant Grooters."

requests; and (6) Defendants do not object to a reasonable extension of the discovery cut-off for Plaintiff to follow up on any issue pertinent to the belated discovery. (*Id.* at 3–4.) Defendants also argue that Warden Julie Wands has replaced former warden Wilner as FCI Warden and that Chaplain Mike Merrill is the Supervisory Chaplain over the Complex in Florence, Colorado. (*Id.* at 3 n.1.) Defendants state, "Plaintiff should request an amendment to replace Warden Wands for former Warden Wilder and Chaplain Merrill for Chaplain Groovers [sic] (or these individuals should be substituted as to any injunctive relief claims)." (*Id.*)

Plaintiff now seeks to do exactly what Defendants suggested—to substitute Warden Julie Wands for former Warden Wilner, and to substitute Chaplain Mike Merrill for Chaplain Dave Grooters. (Doc. No. 77 at 1.) Defendants respond that they are "unable to support the amendment/ substitution in full because Plaintiff is not clear how extensive his proposed amendments are." (Doc. No. 82 at 1.) Defendants state, "If Plaintiff wishes to dismiss Defendants Wilner and Grooters, Defendants agree with the dismissal." (*Id.*) However, although Defendants do not object to the substitution of the parties, they "do not concede that either replacement is the appropriate Bureau of Prisons official who could provide the injunctive relief sought." (*Id.* at 2.)

Courts will usually substitute a new warden as a respondent in a particular action if it is appropriate to do so. *Cf. Parks v. Saffle*, 925 F.2d 366, 366 n.* (10th Cir. 1991) (amending case caption to substitute successor warden). This court finds the substitution of both defendants is appropriate in this case, where the plaintiff seeks merely to name the correct defendants and not to amend his claims. It is therefore

3

**ORDERED** that

Plaintiff's "Amendment/ or Substitution to Replace Defendants' [sic]" (Doc. No. 77) is GRANTED. Plaintiff's Complaint and caption shall be amended to substitute Warden Julie Wands as a defendant in place of Defendant Warden Wilner, and to substitute Chaplain Mike Merrill as a defendant in place of Defendant Dave Grooters. It is further

**ORDERED** that

Defendants shall file a supplemental response to Plaintiff's "Motion for an Order Compelling Discovery" (Doc. No. 50) no later than April 20, 2010. Defendants specifically shall address their duty to respond to the discovery requests in light of the substituted defendants and in light of this court's recommendation, and Judge Blackburn's order adopting the recommendation, that sovereign immunity does not bar Plaintiff's claims for injunctive relief against the defendants. (Doc. No. 37 at 12; Doc. No. 49.) *See Simmat v. U. S. Bureau of Prisons*, 413 F.3d 1225, 1232–33 (10th Cir. 2005) (An official capacity claim against a federal official is, in essence, a claim against the United States, and injunctive relief may be available against federal officials in their official capacity pursuant to the court's equity jurisdiction to protect a prisoner's constitutional rights).

Dated this 13th day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge